THE UNITED STATES COURT OF APPEALS
ELEVENTH CIRCUIT

---

USCA Case No. 22-12021-F
United States District Court, Southern District of Florida
Case No.:  0:18-cv-61556-DPG

---

JOSEPH WORTLEY,

Appellant,

v.

JAMES JURANITCH, ET AL,

Appellees.

---

**JOINT ANSWER BRIEF OF APPELLEES CHRISPUS VENTURE CAPITAL, LLC, RICHARD TARRANT, JAMES JURANICH, CHAD P. PUGATCH, AND RICE PUGATCH ROBINSON & SCHILLER, P.A.**

---

KRISTEN FIORE, BCS (25766)
**AKERMAN LLP**
201 E. Park Ave., Suite 300
Tallahassee, Florida 32301
Telephone:  (850) 224-9634
Facsimile:   (850) 222-0103
kristen.fiore@akerman.com

MICHAEL I. GOLDBERG (886602)
**AKERMAN LLP**
201 East Las Olas Blvd., Suite 1800
Fort Lauderdale, FL 33301
Telephone:  (954) 463-2700
Facsimile:   (954) 463-2224
michael.goldberg@akerman.com

*Attorneys for Appellees Chrispus Venture Capital, LLC and Richard Tarrant*

CHAD P. PUGATCH (220582)
**LORIUM LAW**
101 N.E. Third Ave., Suite 1800
Fort Lauderdale, FL 33301
Telephone:  (954) 462-8000
Facsimile:   (954) 462-4300
cpugatch@loriumlaw.com

CRAIG A. PUGATCH (220582)
**LORIUM LAW**
101 N.E. Third Ave., Suite 1800
Fort Lauderdale, FL 33301
Telephone:  (954) 462-8000
Facsimile:   (954) 462-4300
capugatch@loriumlaw.com

*Attorneys for Appellees Chad P. Pugatch and*
*Rice Pugatch Robinson & Schiller, P.A.*

NOLAN KLEIN (647977)
**LAW OFFICES OF NOLAN KLEIN**
5550 Glades Road, Ste. 500
Boca Raton, FL 33431
Telephone: (954) 745-0588
klein@nklegal.com

*Attorney for Appellee James Juranitch*

66498162;3

USCA Case No. 12021-F

*Joseph Wortley v. James Juranitch, et al*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE PURSUANT TO FRAP 26.1 AND 11TH CIR. R. 26.1-1

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, Appellees Chrispus Venture Capital, LLC ("Chrispus"), Richard Tarrant, James Juranitch, Chad P. Pugatch, and Rice Pugatch Robinson & Schiller, P.A. certify that the following is a complete list of all trial judge(s), attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this particular case or appeal, and includes subsidiaries, conglomerates, affiliates, and parent corporations, including any publicly held company that owns 10% or more of the party's stock, and other identifiable legal entities related to a party.

There are no known stock ticker symbols or publicly traded entities among these parties. In addition, no Creditor's Committee was formed below.

1.  Akerman LLP (Counsel for Appellees Chrispus and Tarrant)

2.  Baldiga, William (Former Counsel for Appellant Wortley)

3.  Bast Amron (Counsel for Trustee in bankruptcy)

4.  Bast, Jeffrey (Counsel for Trustee in bankruptcy)

5.  Beasley Hauser Kramer & Galardi, P.A. (Former Counsel for Appellant Wortley)

6.  Bondurant Mixson & Elmore, LLP (Counsel for Appellees Chad Pugatch and Rice Pugatch Robinson & Schiller, P.A.)

C-1

USCA Case No. 12021-F

*Joseph Wortley v. James Juranitch, et al*

7.    Boyd & Jenerette (Former Bankruptcy Counsel for Appellant
      Wortley)

8.    Brown Rudnick LLP (Former Counsel for Appellant Wortley)

9.    Campion, Tara (Former Counsel for Appellant Wortley)

10.   Carver, Christopher S. (Former Counsel for Appellee Chrispus)

11.   Chrispus Holdings, LLC (100% Owner of Appellee Chrispus)

12.   Chrispus Venture Capital, LLC (Appellee, 5% owner of Debtor
      Global) ("Chrispus")

13.   Delgado, Jorge (Former Counsel for Appellant Wortley)

14.   Edelboim, Morgan (Former Counsel for Trustee in Bankruptcy)

15.   Fiore, Kristen (Counsel for Appellees Chrispus and Tarrant)

16.   Garfinkle, Jesse (Former Counsel for Appellant Wortley)

17.   Gayles, Honorable Darren P. (United States District Judge)

18.   Global Energies, LLC (Debtor) ("Global")

19.   Goldberg, Michael I. (Counsel for Appellees Chrispus and Tarrant)

20.   Graner Law Group (Former Bankruptcy Counsel for Appellant
      Wortley)

21.   Graner, Thomas U. (Former Bankruptcy Counsel for Appellant
      Wortley)

22.   Hauser, Robert J. (Counsel for Appellant Wortley)

23.   Juranitch, James (Appellee and CEO, Co-Managing Member, and
      63% owner of Debtor Global)

C-2

USCA Case No. 12021-F
*Joseph Wortley v. James Juranitch, et al*

24.    Klein, Nolan (Counsel for Appellee Juranitch)

25.    Kluger, Kaplan, Silverman, Katzen & Levine, P.L. (Former Counsel for Appellant Wortley)

26.    Law Offices of Nolan Klein, P.A. (Counsel for Appellee Juranitch)

27.    Levine, Todd (Former Counsel for Appellant Wortley)

28.    Lorium Law (Counsel for Appellee Chad Pugatch and Appellee Rice Pugatch Robinson & Schiller, P.A.)

29.    Lowrey, Frank M., IV (Counsel for Appellees Chad Pugatch and Rice Pugatch Robinson & Schiller, P.A.)

30.    Maddocks, Erin (Counsel for Appellees Chrispus and Tarrant)

31.    Marra, Honorable Kenneth A. (United States District Judge)

32.    Mark, Honorable Robert A. (United States Bankruptcy Judge)

33.    McLaughlin Stern (Former Bankruptcy Counsel for Appellant Wortley)

34.    Moore, Honorable K. Michael (United States District Judge)

35.    Mukamal, Barry (Chapter 7 Trustee for Debtor Global)

36.    Neiwirth, Ronald J. (Former Bankruptcy Counsel for Appellant Wortley)

37.    Newburgh, Steven S. (Former Bankruptcy Counsel for Appellant Wortley)

38.    Pankauski Hauser PLLC (Counsel for Appellant Wortley)

39.    Platzek, Stephen K. (Former Bankruptcy Counsel for Appellant Wortley)

C-3

USCA Case No. 12021-F
*Joseph Wortley v. James Juranitch, et al*

40.   Pugatch, Chad P. (Appellee and Former Counsel for Appellee Chrispus)

41.   Pugatch, Craig (Former Counsel for Appellee Chrispus and Counsel for Appellees Chad Pugatch and Rice Pugatch Robinson & Schiller, P.A.)

42.   Rains, John H., IV (Counsel for Appellees Chad Pugatch and Rice Pugatch Robinson & Schiller, P.A.)

43.   Rice Pugatch Robinson & Schiller, P.A. (Appellee)

44.   Roberts, Ronald (Principal of Appellee Chrispus)

45.   Rodriguez, Stacy J. (Former Counsel for Appellee Chrispus)

46.   Rogow, Bruce S. (Former Counsel for Appellant Wortley)

47.   Rogow Law Firm (Former Counsel for Appellant Wortley)

48.   Softness, David R. (Former Bankruptcy Counsel for Appellant Wortley)

49.   Tarrant, Richard (Appellee, Principal of Appellee Chrispus) ("Tarrant")

50.   United States Trustee

51.   Williams, Honorable Kathleen M. (United States District Judge)

52.   Wortley, Joseph G. (Appellant, Co-Managing Member and 32% Owner of Debtor Global) ("Wortley")

53.   Zinkler III, George L. (Former Counsel for Appellee Chrispus and Counsel for Appellees Chad Pugatch and Rice Pugatch Robinson & Schiller, P.A.)

54.   Zloch, Honorable William J. (United States District Judge)

66498162;3

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Appellees agree with Appellant's concession that oral argument would not be necessary or helpful in this appeal.  This appeal asks this Court to address arguments that are waived and are based on one inherently faulty premise—that the bankruptcy court erred in conducting an evidentiary hearing on the issue of bad faith because this Court (which is a not a factfinder) had already made conclusive findings of fact on the issue.

66498162;3

# <u>TABLE OF CONTENTS</u>

**Page**

CERTIFICATE OF INTERESTED PERSONS AND
     CORPORATE DISCLOSURE  STATEMENT ................................................C-1

STATEMENT REGARDING ORAL ARGUMENT ...................................................i

TABLE OF CONTENTS ......................................................................................... ii

TABLE OF CITATIONS ........................................................................................iv

STATEMENT OF THE ISSUES...............................................................................1

STATEMENT OF THE CASE AND FACTS .........................................................2

    *Introduction* ......................................................................................................2

    *Factual and Litigation Background* .............................................................3

    *Standard of Review* ......................................................................................16

SUMMARY OF THE ARGUMENT ....................................................................17

ARGUMENT ........................................................................................................21

I.     THE    DISTRICT    COURT    PROPERLY    AFFIRMED    THE
     BANKRUPTCY  COURT  ORDER  CONSISTENT  WITH  THE
     EVIDENCE, LAW, AND THIS COURT'S MANDATE IN BOTH *IN
     RE GLOBAL* AND THE MANDAMUS DECISION ...................................21

     A.    The Bankruptcy Court Is The Only Court Empowered To Make
         Factual Findings And It Determined That The Bankruptcy
         Petition Was Filed In Good Faith.......................................................21

     B.    Wortley Waived Any Right To Challenge The Bankruptcy
         Court's Findings ...............................................................................25

CONCLUSION .....................................................................................................29

CERTIFICATE OF COMPLIANCE.........................................................................31

CERTIFICATE OF SERVICE ...............................................................................32

66498162;3

# **TABLE OF CITATIONS**

**Page**

**CASES**

*Access Now, Inc. v. SW Airlines, Co*., 385 F.3d 1324 (11th Cir. 2004) ................ 25

*Al Najjar v. Ashcroft*, 257 F.3d 1262 (11th Cir. 2004) ........................................... 21

*Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564 (1985) ............................. 23

*Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) ................................. 17

*Cox Enters., Inc. v. News-Journal Corp.*, 794 F.3d 1259 (11th Cir. 2015)............ 17

*Didie v. Howes*, 988 F.2d 1097 (11th Cir. 1993).................................................... 21

*Godfrey v. Powell*, 159 F.2d 330 (5th Cir. 1947) ................................................... 17

*Hartsfield v. Lemacks*, 50 F.3d 950 (11th Cir. 1995) ............................................. 26

*In re Balboa St. Beach Club, Inc.*, 319 B.R. 736 (Bankr. S.D. Fla. 2005) ............. 24

*In re Bel-Aire Investments, Inc.*, 97 B.R. 88 (Bankr. M.D. Fla. 1989)................... 24

*In re CorrLine Intern., LLC*, 516 B.R. 106 (Bankr. S.D. Tex. 2014)..................... 23

*In re Chrispus Venture Capital, LLC*, Case No. 19-11726-F,

   2019 WL 13192053 (11th Cir. 2019) ..................................................... 11, 13, 14

*In re Empire for Him, Inc.*, 1 F.3d 1156 (11th Cir. 1993) ...................................... 16

*In re Fin. Federated Title & Trust, Inc.*, 309 F.3d 1325 (11th Cir. 2002) ............. 16

*In re Global Energies, LLC*, 763 F.3d 1341 (11th Cir. 2014) .........................*Passim*

*In re JLJ, Inc.*, 988 F.2d 1112 (11th Cir. 1993)..................................................... 17

66498162;3

*In re New Towne Dev. Group, L.L.C.*, 09-10029, 2010 WL 1451480

　　(Bankr. M.D. La. Apr. 9, 2010) ........................................................... 23

*In re North Redington Beach Associates, Ltd.*, 91 B.R. 166

　　(Bankr. M.D. Fla. 1988) ...................................................................... 24

*In re Park Forest Development Corp.*, 197 B.R. 388 (Bankr. N.D. Ga. 1996)...... 24

*In re Piazza*, 719 F.3d 1253 (11th Cir. 2013) ........................................... 17

*In re Sublett*, 895 F.2d 1381 (11th. Cir. 1990) ......................................... 17

*In re: Wortley*, 11th Cir. No. 17-11429 (Wortley's Writ Pet., Mar. 31, 2017) ...... 10

*Marek v. Singletary*, 62 F.3d 1295 (11th Cir. 1995)................................. 25

*Piambino v. Bailey*, 757 F.2d 1112 (11th Cir. 1985).............................. 12

*Senior Transeastern Lenders v. Official Comm. of Unsecured Creditors*

　　*(In re TOUSA, Inc.)*, 680 F.3d 1298 (11th Cir. 2012) ....................................... 17

*Tello v. Dean Witter Reynolds, Inc.*, 494 F.3d 956 (11th Cir. 2007)..................... 21

*Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079

　　(11th Cir. 2010)................................................................................. 23

*U.S. v. Banks*, 347 F.3d 1266 (11th Cir. 2003)....................................... 21

*U.S v. Barnette*, 10 F.3d 1553 (11th Cir. 1994)...................................... 21

*U.S. v. Fulford*, 662 F.3d 1174 (11th Cir. 2011) .................................... 21

*Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 881 F.3d 835 (11th Cir. 2018) ....... 17

v

## STATUTES AND CODE PROVISIONS

11 U.S.C. § 303 ............................................................................ 24

11 U.S.C. § 363(m) ........................................................................6

11 U.S.C. § 1112(b) .......................................................................5

## RULES AND REGULATIONS

11th Cir. R. 26.1-1 ......................................................................C-1

Fed. R. App. P. 26.1 ....................................................................C-1

Fed. R. App. P. 32(a)(5).............................................................31

Fed. R. App. P. 32(a)(6).............................................................31

Fed. R. App. P. 32(a)(7)(B) .......................................................31

Fed. R. App. P. 32(a)(7)(B)(iii) .................................................31

Fed. R. Bank. P. 7052(c)..............................................................7

Fed. R. Civ. P. 60(b) .........................................................*Passim*

66498162;3

## <u>STATEMENT OF THE ISSUES</u>

I.     Whether the district court properly affirmed the Bankruptcy Court Order consistent with the evidence, law, and this Court's mandate in both *In re Global* and this Court's Mandamus Decision.

1

## STATEMENT OF THE CASE AND FACTS[1]

### *Introduction*.

This appeal is the latest in a series of various procedural tactics by Wortley to avoid the bankruptcy court's detailed and fully supported factual findings and conclusions of law that Appellees did not act in bad faith in filing the underlying involuntary bankruptcy petition.  The facts of this case as established at an 11-day evidentiary hearing on remand from this Court's decision in *In re Global Energies, LLC*, 763 F.3d 1341 (11th Cir. 2014) ("*In re Global*"), simply do not support Wortley's argument that Appellees filed the bankruptcy petition to take Global Energies, LLC ("Global") away from Wortley.

As explained below, this perhaps shows why Wortley chose the path he did in this portion of the appellate proceedings in this case.  Following this Court's decision in *In re Global* and a full evidentiary hearing on the merits on remand*,* which resulted

---

[1]  The brief references Appellant Joseph G. Wortley as **Wortley**. Appellees Chrispus Venture Capital, LLC, and Richard Tarrant are referenced as **Chrispus and Tarrant**. Appellees, which include Chrispus, Tarrant, James Juranitch, Chad Pugatch, and Rice Pugatch Robinson Schiller, PA, are referred to collectively as **Appellees**.  Record references are to docket entries in the main bankruptcy case, Case No. 10-28935 (*e.g.*, [Dkt. 1] references docket entry 1); the adversary case, Case No. 15-01447 (*e.g.,* [Adv. Dkt. 1] references adversary docket entry 1); the evidentiary hearing transcript (*e.g.,* [Tr. I, 1:7-16] references transcript volume I, page 1, lines 7-16); and the district court's appellate cases, Case No. 0:18-cv-61556-DPG and 0:18-cv-61558-DPG (*e.g.*, [DC Dkt. 1] references district court docket entry 1).  References to Wortley's initial brief in this appeal are to [IB].

in a judgment in Appellees' favor, Wortley knew he could not win by contesting the bankruptcy court's factual findings and conclusions of law on the merits—because they were fully supported by the legions of testimony and evidence in this case. So instead, in appealing that judgment to the district court, he chose the "mandate" path, asserting the bankruptcy court failed to follow this Court's mandate in *In re Global* by holding the evidentiary hearing on the merits. But, via a mandamus proceeding filed with this Court during that appeal to the district court, this Court confirmed that an evidentiary hearing on the merits was indeed the appropriate course of action.

Following this Court's mandamus order, Wortley changed his position and took a different procedural avenue before the district court—still asking the district court to ignore the bankruptcy court's findings and conclusions but also to find that this Court predetermined the outcome of this case in *In re Global*, even if the Court intended for the evidentiary hearing to be on the merits of his bad faith allegations. This answer brief argues that Wortley's latest attack not only makes a mockery of the Court's *In re Global* decision and its later decision in a mandamus proceeding requiring the district court to follow *In re Global*, but is also totally without merit and waived.

### *Factual and Litigation Background*.

**The Need to Reorganize Global Led to the Bankruptcy Proceeding.**
Global was formed in 2008 by Wortley and Appellee James Juranitch to produce

3

and distribute biofuels and carbon dioxide sequestering systems. [DC Dkt. 29, 5] Juranitch is an inventor, and Global was based around technology he created. [Dkt. 1063, 3] Chrispus, whose principal member was another company owned by Richard Tarrant, joined Global in 2009. [Dkt. 1063, 3-4] Chrispus subsequently loaned Global one million dollars. [Dkt. 1063, 4] After Chrispus joined Global, Juranitch owned 63% of Global, Wortley owned 32% and Chrispus owned 5%. [Dkt. 1063, 4] A "majority vote" (75% of the voting shares) was required to take any corporate action, including approving a merger, sale or other disposition of Global's assets or the dissolution or winding up of Global's affairs. *Id.* Only if Juranitch and Wortley agreed on an issue could a "majority vote" ever be achieved. *Id.* at 5.

In 2010, there was a complete breakdown in communication between Juranitch and Wortley, which made it impossible to achieve a "majority vote", leaving Global deadlocked. [Dkt. 1063, 13] After numerous good faith efforts by Chrispus to break the deadlock between Juranitch and Wortley, Chrispus ultimately recognized it was necessary to restructure Global to have any chance of ever being repaid its loan. [Dkt. 1063 at 18]

After receiving no response to its numerous attempts to restructure Global and "bring it back to life," in July 2010, Chrispus filed an involuntary bankruptcy petition under Chapter 11 in an attempt to reorganize Global. [Dkt. 1063, 17-21]

4

As of the filing date, Global owed Chrispus at least one million under its note, and this debt was neither contingent nor disputed.  [Dkt. 1063, 36; Adv. Dkt. 416 (Tr. V, 1110:16-25;  1111:1-7)]    The trustee appointed in the bankruptcy proceeding ultimately determined that the sale of Global's assets was the best course of action.  [Dkt. 51 at 3; Dkt. 1063, 38; Adv. Dkt. 416 (Tr. V, 909); Adv. Dkt. 425 (Tr. VII, 1437; Ex. D2-S4)]    The trustee thereafter marketed the assets and reached an agreement with Chrispus to sell the assets to Chrispus  for $750,000, which was sufficient to pay the creditors in full, and which the bankruptcy court approved.  [Dkt. 98 at 4, 8, 9, 10; Dkt. 192, 1; Dkt. 1063, 39]  Importantly, before the bankruptcy court approved the deal, Wortley was offered the opportunity to match Chrispus's deal and purchase Global's assets.  [Adv. Dkt. 403 (Tr. IV, 821:15-25; 822:1-7)]  Wortley turned down this offer, and objected to the sale.  [Adv. Dkt. 403 (Tr. IV, 822: 6-7; Dkt. 85]

Wortley moved under 11 U.S.C. § 1112(b) to dismiss the bankruptcy petition as having been filed in bad faith, alleging collusion by Tarrant and Juranitch to wrest Wortley's interest in Global from him through the filing of the bankruptcy petition.  [Dkt. 54]  The motion to dismiss was based on emails between Tarrant, Juranitch, and Chrispus's bankruptcy attorney that Wortley claimed supported his allegations of bad faith.  [Dkt. 54; Dkt. 94]  Wortley ultimately withdrew his motion to dismiss.  [Dkt. 50; Dkt. 1063, 39-40]

In approving the sale of Global's assets to Chrispus, the bankruptcy court found that Chrispus "acted in good faith, [was] an arms-length purchaser of the Acquired Assets and shall be entitled to the protections afforded a good faith purchaser pursuant to Section 363(m) of the Bankruptcy Code," and overruled Wortley's objection to the sale.  [Dkt. 98, 4, 8, 9, 10; Dkt. 1063, 39]  Wortley never appealed the sale order and it became a final order.

A year after the sale order, Wortley renewed his motion to dismiss the bankruptcy case based on alleged new evidence (the "Motion to Dismiss").  [Dkt. 128; Dkt. 343; Dkt. 1063, 42]  He claimed he had identified additional emails that appeared to show collusion between Tarrant and Juranitch to do business without Wortley before filing for involuntary bankruptcy.  [Dkt. 128, 1-2; Dkt. 1063, 42] The bankruptcy court denied the Motion to Dismiss with prejudice, finding the evidence insufficient to support Wortley's claims.  [Dkt. 399, 2; Dkt. 1063, 42]

**Wortley's Rule 60(b) Motion**.  About a year after the sale order, Wortley brought a motion under FRCP 60(b) based on alleged newly discovered evidence (the "Rule 60(b) motion").  [Dkt. 465; Dkt. 1063, 47]  That evidence consisted of alleged "newly discovered" additional "smoking gun" emails between Tarrant, Juranitch, and Chrispus's bankruptcy attorney that purportedly showed that Tarrant and Juranitch colluded in filing for involuntary bankruptcy.  [Dkt. 465; Dkt. 1063, 47] The bankruptcy court summarily denied the Rule 60(b) motion.  [Dkt. 482; Dkt.

6

1063, 48]  Wortley appealed the denial to the district court, which affirmed.  [Dkt. 532; Dkt. 1063, 48]

**This Court's Opinion in *In re Global*.**  Wortley then appealed to this Court. *In re Global*, 11th Cir. Case No. 13-11666.  Consistent with the only relief that can be granted under a Rule 60(b) motion, Wortley asked this Court to require the bankruptcy court to hold an evidentiary hearing on the Motion to Dismiss, taking into account the "newly discovered" emails.  *In re Global,* 11th Cir. Case No. 13-11666 (*See* App. 11th Cir. Prin. Br. at 36).

In *In re Global*, this Court reversed the denial of the Rule 60(b) motion, holding that the emails were "likely" to produce a different result because of Wortley's allegations of "bad faith."  763 F.3d at 1350.  *In re Global* directed the bankruptcy court to grant Wortley's Rule 60(b) motion, vacate the bankruptcy court's order approving the sale of Global's assets, vacate sanctions imposed on Wortley, and ensure he was compensated for damages, **<u>if any</u>**.  *Id.* at 1350.  *In re Global* then remanded the case for an "appropriate hearing," recognizing Appellees never had their day in court on the issues.[2]  *Id.*

---

[2]    The bankruptcy court never heard Appellees in an evidentiary hearing on Wortley's motion to dismiss because the motion to dismiss was the subject of a judgment on partial findings under Fed. R. Bank. Proc. 7052(c), which is akin to a directed verdict.  [Dkt. 399]

Importantly, *In re Global* did <u>not</u> direct the bankruptcy court to dismiss the bankruptcy case or grant the underlying Motion to Dismiss—nor could it have done so because <u>the order on the underlying Motion to Dismiss was not on appeal</u>.

**On Remand to the Bankruptcy Court**.  On remand to the bankruptcy court, Wortley claimed the *In re Global* panel of this Court made a <u>factual finding</u> that the bankruptcy petition was filed in "bad faith" based on the "newly discovered" emails. [Dkt. 960]  He asserted this Court in *In re Global* granted <u>both</u> his Rule 60(b) motion <u>and</u> his underlying Motion to Dismiss the bankruptcy proceedings—and all that remained was a determination of Wortley's damages and fees.  *Id.*

Appellees refuted Wortley's arguments—asserting his interpretation would (1) grant substantive relief well beyond that permissible in an appeal of an order denying a Rule 60(b) motion; (2) deny Appellees' fundamental due process; (3) mean this Court wrongly acted as a fact-finding tribunal; (4) run afoul of binding Supreme Court and Eleventh Circuit precedent; (5) violate express provisions of the Bankruptcy Code; and (6) cause judgments to be entered against <u>non-parties</u> without those parties ever being heard.  [Adv. Dkt. 360]  As to the last assertion, the only parties to the *In re Global* appeal were Wortley and Chrispus.  Wortley asserted in *In re Global* that petitioners James Juranitch, Richard Tarrant, and Chad P. Pugatch (Chrispus's bankruptcy attorney) acted in concert—thus, for purposes of remand, <u>they were made parties to the proceedings for the first time</u>.  [Dkt. 1063 at 41 and

8

50]  Thus, without an evidentiary hearing on the merits of Wortley's allegations in the Rule 60(b) motion and underlying Motion to Dismiss, Chrispus, Juranitch, Tarrant, and Pugatch would never receive any due process and would never be heard on the allegations against them.

Appellees argued that this Court in *In re Global* could not have intended that no court would ever hear the parties on Wortley's allegations—especially where Wortley's requested relief in his Rule 60(b) motion, and on appeal in *In re Global,* was simply for a remand to the bankruptcy court for an evidentiary hearing to consider the alleged "newly discovered evidence." *Id.*; *see also* [DC Dkt. 29].

The bankruptcy court rejected Wortley's arguments and agreed with Appellees that this Court intended to provide the parties with due process.  It then followed *In re Global's* mandate to the letter.  The bankruptcy court granted Wortley's Rule 60(b) motion.  [Dkt. 1046]  It vacated its order approving the sale of Global's assets.  [Dkt. 987]  It vacated the sanctions imposed on Wortley and compensated him in damages on an interim basis in the amount of $203,193.57.  *Id.* The bankruptcy court also found that *In re Global* did not require dismissal of the bankruptcy proceedings; it merely required the bankruptcy court to grant Wortley's Rule 60(b) motion—in which Wortley requested a rehearing of the motion to dismiss.  [Dkt. 1063 at 59]  The bankruptcy court then determined it would hold an "appropriate hearing" per *In re Global's* requirement.

9

Notably, after the bankruptcy court determined it would allow the parties to be heard on the merits of Wortley's allegations, Wortley petitioned this Court for mandamus relief, arguing that the evidentiary hearing was inappropriate under *Global*'s mandate. *See In re: Wortley*, 11th Cir. No. 17-11429 (Wortley's Writ Pet., Mar. 31, 2017). Just before the evidentiary hearing was to occur and three months after Wortley filed his mandamus petition, Wortley filed a motion to stay the evidentiary hearing in the bankruptcy court pending a ruling on his mandamus petition. [Adv. Dkt. 123]

This Court denied the mandamus petition and denied the stay motion as moot the next day, thus permitting the evidentiary hearing to proceed as framed by the bankruptcy court. *Id.* In doing so, this Court re-associated the two district court judges who constituted two of the three judges on the *In re Global* panel to review Wortley's petition and then denied Wortley's mandamus petition.

**The Evidentiary Hearing and Bankruptcy Court Order**. The bankruptcy court held an 11-day evidentiary hearing at which it heard from a dozen witnesses, gave Wortley and Appellees the opportunity to put on evidence, and considered the bad faith allegations, damages, and fees. [Dkt. 1063, 1] The testimony and evidence established the following regarding the emails at issue in *In re Global*. In *In re Global,* Wortley told this Court that Appellees lied about the bankruptcy proceedings and hid the emails until March 2012. *In re Global*, 11th Cir. No. 13-11666

10

(Wortley's Prin. Br., *passim*).  However, the evidentiary hearing established that those emails had been available to Wortley for almost a year before that time.  [Dkt. 1063, 45-46]  Equally as important, at the evidentiary hearing, Chrispus's attorneys presented evidence of the efforts to remind Wortley's counsel that the documents were available for inspection.  [Dkt. 1063, 45-46]

In a 76-page order following the evidentiary hearing (the "Bankruptcy Court Order"), the bankruptcy court found that Wortley's briefs to this Court in *In re Global* contained "mere excerpts" of the emails—which rendered them "misleading."  [Dkt. 1063, 21 n.29][3]  The bankruptcy court further found that, when combined with the plain language of the full emails as well as the testimony and other documentary evidence introduced at the evidentiary hearing, the emails were "communications to develop" a "'strategy' for how to approach Global Energies' future in conjunction with the future of the other companies that were developing." *Id.* at 21.  The bankruptcy court found that the bankruptcy case was not filed in bad faith and therefore it should not be dismissed.  [Dkt. 1063, 60-66]

---

[3]  Appellees respectfully suggest that this Court examine Appellant's briefs in *In re Global* and compare the excerpts of the subject emails contained therein with the full emails so the Court can determine for itself if Wortley intentionally misled the Court by altering the subject emails and omitting relevant portions of the emails.  A side-by-side comparison of the emails can be found on page 9 of Appellees' reply to the response to Appellees' mandamus petition in *In re Chrispus Venture Capital, LLC*, Case No. 19-11726-F, 2019 WL 13192053 (11th Cir. 2019).

11

In the alternative, the bankruptcy court found that even if *In re Global* could be read as requiring dismissal of the bankruptcy proceedings, the 11-day hearing uncovered "new" and "substantially different" evidence—which would warrant a deviation from the mandate rule under *Piambino v. Bailey*, 757 F.2d 1112, 1120 (11th Cir. 1985). [Dkt. 1063 at 59]  Importantly, the bankruptcy court also found in the alternative that, even if there had been bad faith, Global was worthless when the bankruptcy petition was filed and Wortley suffered no damages from the filing of the bankruptcy petition. *Id.* at 52.

**Appeal to District Court**.   Importantly, on appeal to the district court, <u>Wortley did not challenge these factual findings</u>.  Instead, he merely argued that *In re Global* resolved all aspects of the relief sought in the underlying Motion to Dismiss—and not just the relief sought in his Rule 60(b) motion—including factual determinations on the issue of bad faith.  [DC Dkt. 24 at 18-30]  He further argued that *In re Global* required the bankruptcy court to simply dismiss the bankruptcy proceedings without providing Appellees an opportunity to be heard on liability and damages, and that he was entitled to a hearing limited to damages and fees.  *Id.* at 31-32.

The district court accepted Wortley's arguments and reversed the findings in the Bankruptcy Court Order (the "District Court Order").  [DC Dkt. 36]  The District Court Order concluded that this Court determined in *In re Global* the factual issue

12

of bad faith (even though at the time this Court issued *In re Global* no evidentiary hearing had ever occurred on that issue). *Id.* at 6. The District Court Order also concluded that this Court expressly directed in *In re Global* that the bankruptcy court dismiss the bankruptcy case even though the Motion to Dismiss was not on appeal to this Court in *In re Global*. *Id.* And, the District Court Order remanded the case for a new evidentiary hearing limited to determining fees and damages—even though the bankruptcy court had already addressed those issues in the alternative following the 11-day evidentiary hearing. *Id.* at 7-8.

**Mandamus Proceeding in this Court**. Appellees sought mandamus relief in this Court from the District Court Order because the district court misapprehended the mandate in *In re Global*. *In re Chrispus Venture Capital, LLC*, Case No. 19-11726-F, 2019 WL 13192053 (11th Cir. 2019). In the mandamus petition, Appellees argued that the District Court Order indisputably misapprehended the relief mandated by *In Re Global.* [Case No. 19-11726, Pet. for Writ of Mand., at 10] Appellees maintained that *In re Global*'s remand for an "appropriate hearing" could have meant only one thing: the bankruptcy court had to give Appellees (including those newly made parties) their day in court with an evidentiary hearing on the underlying Motion to Dismiss as well as the remedies issues. [Case No. 19-11726, Pet. for Writ of Mand., at 10-11] Moreover, Appellees argued that *In re Global* did not hold that the bankruptcy proceeding be dismissed. [Case No. 19-11726, Pet. for

13

Writ of Mand., at 11]  Any alternative reading means *In re Global* violated binding Supreme Court and Eleventh Circuit precedent holding that an appellate court cannot engage in fact-finding and cannot consider the merits of the underlying motion when reviewing orders denying Rule 60(b) motions.  It would also mean that in *In re Global*, this Court granted further relief than that requested by Wortley himself, *i.e.,* an evidentiary hearing on the merits of his motion to dismiss.

This Court granted Appellees' mandamus petition (the "Mandamus Decision"), concluding "[a]lthough the district court found that the bankruptcy court deviated from this Court's mandate [in *In re Global*], this Court does not agree."  *In re Chrispus Venture Capital, LLC*, Case No. 19-11726-F, 2019 WL 13192053, at *1.  The Court held "the district court is directed to vacate its order remanding the matter to the bankruptcy court based on the application of the mandate rule."  *Id*.

Wortley sought reconsideration of the Mandamus Decision, which this Court denied.

**Wortley's Post-Mandamus Actions in the District Court**.  Remarkably, Wortley did not cease his efforts to obtain a finding of bad faith against Appellees despite the repeated bankruptcy court and Eleventh Circuit rulings firmly putting that issue to rest.  Instead, on remand to the district court from the Mandamus Decision, Wortley filed a "post-mandamus memorandum of law."  [DC Dkt. 66]

14

In that memorandum, he conceded that the Bankruptcy Court Order can no longer be reversed based on the "mandate rule" [*Id*. at 4], but argued **for the first time** that the district court could still reverse the Bankruptcy Court Order because "a bankruptcy petition filed 'to wrest Wortley's interest in Global from him' **if proven**, would constitute bad faith." [*Id*. at 6 (citing *In re Global*, 763 F.3d at 1344) (emphasis added)] Thus, Wortley admitted he had to have **proven** at the evidentiary hearing that bad faith occurred for the district court to reverse the Bankruptcy Court Order. He then argued that he established bad faith because of language in *In re Global*. [DC Dkt. 66 at 5]

Appellees filed a joint response to Wortley's post-mandamus memorandum of law. [DC Dkt. 67] Appellees argued that Wortley (1) failed to prove Appellees acted in bad faith; (2) waived any argument as to the merits of the bankruptcy court's factual findings or conclusions of law on bad faith by failing to make any arguments as to the merits in his appeal to the district court; and (3) misinterpreted this Court's holding in *In re Global* in believing this Court made factual findings of bad faith. *Id*.

The district court thereafter entered a decision affirming the Bankruptcy Court Order (the "District Court Affirmance"). [DC Dkt. 68] The District Court Affirmance determined that the bankruptcy court acted within its authority to enter the Bankruptcy Court Order on remand from *In re Global*: "[I]t is clear that the

Bankruptcy Court had the authority—indeed, the obligation—to conduct further proceedings, including the proceedings that resulted in a final judgment in favor of Appellees. Any remaining doubt about the Bankruptcy Court's actions was dispelled by the Eleventh Circuit's Mandamus Order, which concluded the Bankruptcy Court did not deviate from the mandate." [*Id*. at 12]

The District Court Affirmance then concluded that the involuntary bankruptcy petition was not filed in bad faith. [*Id*. at 13-16] Specifically, the District Court Affirmance determined that "while the 'smoking gun' emails viewed in isolation might be construed to suggest bad faith in filing the involuntary bankruptcy . . . , the Bankruptcy Court properly contextualized the emails. The Bankruptcy Court properly conducted an evidentiary hearing and issued its Final order consistent with the evidence and the law." [*Id*. at 15-16]

This appeal followed. [DC Dkt. 69]

### Standard Of Review

Appellees agree that, as the second appellate court to review this case, this Court "review[s] questions of law, whether made by the bankruptcy court or the district court, under a de novo standard." *In re Fin. Federated Title & Trust, Inc.*, 309 F.3d 1325, 1328-29 (11th Cir. 2002) (citing *In re Empire for Him, Inc.*, 1 F.3d 1156, 1159 (11th Cir. 1993)). Moreover, "[a]s the district court makes no fact findings in its function as an appellate court, [this Court's] review is de novo." *Id*. at

1329 (citing *In re Sublett*, 895 F.2d 1381, 1384 (11th. Cir. 1990)). This Court reviews the bankruptcy court's findings of fact for clear error. *Id.* (citing *In re JLJ, Inc.*, 988 F.2d 1112, 1116 (11th Cir. 1993)). A bankruptcy court's "factual finding is clearly erroneous only when this Court, after reviewing all of the evidence, is left with 'the definite and firm conviction' that a mistake has been committed." *In re Piazza*, 719 F.3d 1253, 1273 (11th Cir. 2013) (quoting *Senior Transeastern Lenders v. Official Comm. of Unsecured Creditors (In re TOUSA, Inc.)*, 680 F.3d 1298, 1310 (11th Cir. 2012)). "Such a conviction arises only when there has been a manifest disregard of right and reason." Id. (quoting *Godfrey v. Powell*, 159 F.2d 330, 332 (5th Cir. 1947)[4]).

This Court "'review[s] de novo the district court's interpretation and application of this [C]ourt's mandate' in a previous appeal." *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 881 F.3d 835, 843 (11th Cir. 2018) (quoting *Cox Enters., Inc. v. News-Journal Corp.*, 794 F.3d 1259, 1272 (11th Cir. 2015)).

## SUMMARY OF THE ARGUMENT

In affirming the Bankruptcy Court Order, the district court correctly recognized that the bankruptcy court did exactly what this Court directed in *In re*

---

[4] "In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981." *In re Piazza*, 719 F.3d at 1273, n.9.

*Global*, by holding an evidentiary hearing and then, consistent with the evidence and the law, denying Wortley's claims of bad faith.  The bankruptcy court held an 11-day evidentiary hearing on the merits to determine whether the allegations contained in Wortley's Rule 60(b) motion were true (which was the precise relief Wortley sought before this Court in *In re Global*), after which the bankruptcy court issued a 78-page decision finding that Wortley's allegations of bad faith against Appellees were untrue.  The bankruptcy court ultimately found that Appellees acted in good faith because they filed the involuntary bankruptcy petition for the purpose of breaking a deadlock and reorganizing Global, and **not** for the purpose of wresting control away from Wortley.  These are legitimate reasons for filing a bankruptcy petition.

When he appealed the Bankruptcy Court Order to the district court, Wortley made no arguments as to the merits of the bankruptcy court's factual findings and conclusions of law.  Instead, all of his arguments arose from one premise—that the bankruptcy court erred by even conducting an evidentiary hearing on the merits as to the issue of bad faith because this Court had already made conclusive findings of fact and conclusions of law as to bad faith, which were binding on the bankruptcy court, preventing the bankruptcy court from revisiting the issue of bad faith.  Even though the district court originally agreed with Wortley that, following this Court's decision in *In re Global*, no evidentiary hearing on the merits of his allegations

18

should have occurred, it ultimately vacated that decision when ordered to do so following this Court's Mandamus Decision—in which this Court clarified that an evidentiary hearing on the merits was indeed the proper procedure.

Quite simply, *In re Global* **required** the bankruptcy court to hold an evidentiary hearing on the merits of Wortley's allegations and arguments—because no fact finder had ever previously reviewed those allegations in an evidentiary hearing and because that was the relief Wortley had requested in his briefs in *In re Global*. Because the bankruptcy court did so, and because Wortley failed to establish bad faith from an evidentiary or legal standard, the district court properly affirmed the Bankruptcy Court Order.

None of Wortley's arguments in his post-mandamus memorandum of law alter that conclusion. His claim **for the first time** that the district court could still reverse the Bankruptcy Court Order because "a bankruptcy petition filed 'to wrest Wortley's interest in Global from him . . .' **if proven**, would constitute bad faith" [DC Dkt. 66, 6] is fundamentally flawed for several reasons. It also is an admission that he had to have **proven** at the evidentiary hearing that bad faith occurred for this Court to reverse the Bankruptcy Court Order, and he failed to do so.

Multiple reasons support the District Court Affirmance. First, Wortley failed to prove Appellees acted in bad faith. The bankruptcy court expressly found, as a matter of fact and law, that the bankruptcy petition was filed for the good faith

19

purpose of reorganizing Global (and not for the purpose of taking control of Global away from Wortley)—and the facts and law fully support the bankruptcy court's conclusions.

Second, until his post-mandamus memorandum, Wortley never made any argument as to the merits of the bankruptcy court's factual findings or conclusions of law on bad faith in the district court appeal from the Bankruptcy Court Order, so this argument is waived. Wortley does not get to now raise new issues that he failed to raise on appeal. While the district court was left to review the merits of the appeal following this Court's Mandamus Decision, the issues regarding the merits are framed and limited by the issues raised in Wortley's Principal Brief in that appeal.

Third, Wortley's arguments are based on statements in *In re Global* that he says, when applied to the facts of this case, require a finding of bad faith. But, this Court's statements in *In re Global* were based on its assumption that the factual allegations in Wortley's Rule 60(b) motion were true—and the evidentiary hearing showed otherwise. Moreover, case law confirms that the filing of a bankruptcy petition for the purposes of breaking a deadlock and reorganizing an entity is an appropriate basis for filing such a petition.

# ARGUMENT

## I. THE DISTRICT COURT PROPERLY AFFIRMED THE BANKRUPTCY COURT ORDER CONSISTENT WITH THE EVIDENCE, LAW, AND THIS COURT'S MANDATE IN BOTH *IN RE GLOBAL* AND THE MANDAMUS DECISION.

### A. The Bankruptcy Court Is The Only Court Empowered To Make Factual Findings And It Determined That The Bankruptcy Petition Was Filed In Good Faith.

After an 11-day evidentiary hearing in which over 200 exhibits were admitted into evidence and in which the bankruptcy court heard testimony from more than a dozen witnesses, the bankruptcy court made the following conclusions:[5]

> **The Court has found that Chrispus' primary purpose in filing the involuntary petition was to reorganize Global Energies and resolve the deadlock between the primary members**. The Court based this finding of fact on the facts as a whole, especially the following specific facts. Chrispus filed the involuntary petition under Chapter 11 [the reorganization chapter] of the Bankruptcy Code (rather than Chapter 7) [the liquidation chapter]; Mr Tarrant testified that he wanted to reorganize Global Energies, keep Mr. Wortley involved, and make Mr. Wortley whole; Mr. Tarrant and Mr. Roberts attempted to resolve the deadlock between the parties before and after the bankruptcy filing; the "smoking gun" emails [when read in full] revealed an intent to

---

[5] The bankruptcy court, as the trial court in this case, is the proper court to engage in fact finding. *See, e.g.*, *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1278 (11th Cir. 2004) (sitting en banc, expressly finding it "cannot engage in fact-finding on appeal.") (en banc); *see also U.S. v. Fulford*, 662 F.3d 1174, 1181 (11th Cir. 2011) ("[W]e will not substitute ourselves for the district court as factfinder."); *Tello v. Dean Witter Reynolds, Inc.*, 494 F.3d 956, 967 n.6 (11th Cir. 2007) (finding "we are not factfinders"); *U.S. v. Banks*, 347 F.3d 1266, 1271 (11th Cir. 2003) ("A court of appeals is not a fact finding body."); *U.S v. Barnette*, 10 F.3d 1553, 1558 (11th Cir. 1994) ("It is not an appellate court's role to find facts."); *Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993) ("We, however, are not factfinders.").

reorganize[6]; and **the Trustee [and not Appellees] testified there was "potential" to reorganize but a sale of the assets was the best outcome**. [Bk. Dkt. 1063 at 62-63 (emphasis added) (internal *supra* references omitted)]

> **This Court found that Chrispus filed with an "honest intention," and Global Energies had a "real need and ability" to reorganize**, even if the ultimate result was "total liquidation." *Id*. at 66 (emphasis added).

> After hearing the evidence and testimony concerning the purpose of the filing, this Court found that . . . **the reasons for the [bankruptcy] filing were: 1) Global Energies was not paying the debts as they became due; and 2) the parties were hopelessly deadlocked. Mr. Wortley even admitted that the parties were deadlocked. Mr. Tarrant, Mr. Roberts, and Chrispus formed the more neutral party, who sought consistently to resolve the deadlock, restructure Global Energies, and provide a cash infusion through the Trustee's sale of the assets**. *Id*. at 35 (emphasis added) (internal *supra* references omitted).

> [The] testimony indicates that **Chrispus was not "motivated by ill will, malice or the purpose of embarrassing or harassing" Global Energies because Chrispus' intent was to reorganize or resurrect Global Energies** after the breakup between Mr. Wortley and Mr. Juranitch. *Id*. at 64 (emphasis added).

> Based on this evidence, the Court cannot find bad faith under the improper use test because **Chrispus did not use the bankruptcy to attempt a takeover of Global Energies and its assets**." *Id*. at 65 (emphasis added).

As these statements firmly establish, the bankruptcy court found, after considering all of the evidence, that the involuntary petition was filed for the

---

[6]  In addition, the bankruptcy court found the "smoking gun" email excerpts had been selectively quoted by Wortley and taken out of context in earlier proceedings, which was misleading. [Dkt. 1063 at 21, n.29]

22

purposes of trying to break a deadlock and reorganizing Global, and **not** for the purpose of wresting control away from Wortley. These factual findings may only be reversed if they are "clearly erroneous." *Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 574 (1985). "Where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous." *Id.* This is a highly deferential standard of review under which the fact finder's factual determinations must be upheld "so long as they are plausible in light of the record viewed in its entirety." *In Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010).

In addition, even if the above factual findings were characterized as also including conclusions of law, which are reviewed *de novo* (*Anderson,* 470 U.S. at 574),* case after case recognizes that filing a bankruptcy petition for the legitimate purpose of breaking a deadlock and reorganizing a corporation through a neutral trustee does not constitute bad faith. *See, e.g. In re CorrLine Intern., LLC*, 516 B.R. 106 (Bankr. S.D. Tex. 2014) (finding minority shareholder-creditor of the debtor limited liability company acted in good faith in filing an involuntary Chapter 7 petition to break a deadlock in the debtor-LLC's board of managers, which impeded its ability to continue as a viable entity); *In re New Towne Dev. Group, L.L.C.*, 09-10029, 2010 WL 1451480 (Bankr. M.D. La. Apr. 9, 2010) (awarding fees and costs to involuntary petitioners after refusing to dismiss an involuntary Chapter 11

petition, finding the petition benefitted the estate by breaking the prepetition deadlock in the debtor's management and placing the assets in the hands of the trustee); *In re Bel-Aire Investments, Inc.*, 97 B.R. 88 (Bankr. M.D. Fla. 1989) (dismissing a voluntary Chapter 11 filing as unauthorized, but concluding that qualifying creditors could still file an involuntary petition against the putative-debtor corporation pursuant to § 303 of the Bankruptcy Code because it was no longer able to function as a result of management deadlock); *see also In re Balboa St. Beach Club, Inc.*, 319 B.R. 736, 743 (Bankr. S.D. Fla. 2005) ("[T]he real test, for determining whether a Chapter 11 petition has been filed in good faith is the presence of an honest intention and a real need and ability on the part of the debtor to effectuate the aim of reorganization, even if this involves a total liquidation of the debtor's assets.") (citing *In re North Redington Beach Associates, Ltd*., 91 B.R. 166 (Bankr. M.D. Fla. 1988)); *In re Park Forest Development Corp.*, 197 B.R. 388 (Bankr. N.D. Ga. 1996) (refusing to dismiss bankruptcy where facts and circumstances indicated that debtor filed case with an honest intention to reorganize).

Accordingly, Wortley's latest (and untimely) argument is meritless because he failed to **prove** that the bankruptcy petition was filed in bad faith.  The evidence and testimony proved just the opposite—that the petition was filed for the good faith

purposes of breaking a deadlock and reorganizing Global, so the district court correctly affirmed the Bankruptcy Court Order.

None of the cases Wortley cites concerning filing an involuntary bankruptcy petition for an improper purpose [IB at 22-24] is relevant here because Wortley failed to prove the bankruptcy petition was filed for the purpose of wresting control of the business from him.  And the bankruptcy court's order vacating the sale on remand from *In re Global* in no way "confirm[s] the correctness of the legal conclusion of 'bad faith'", as Wortley maintains.  [IB at 26-27]  The mandate in *In re Global* required the bankruptcy court to vacate the sale so that the court could hold the evidentiary hearing on the issue of bad faith.

## B. Wortley Waived Any Right To Challenge The Bankruptcy Court's Findings.

In addition to the bankruptcy court's fully supported findings that the bankruptcy petition was filed in good faith, the district court properly affirmed the Bankruptcy Court Order because Wortley waived his arguments.  Wortley did not appeal a single finding or conclusion made by the bankruptcy court in his briefs as to bad faith on the merits.  *See, e.g., Access Now, Inc. v. SW Airlines, Co*., 385 F.3d 1324, 1330 (11th Cir. 2004) ("Any issue that an appellant wants [us] to address should be specifically and clearly identified in the brief . . . Otherwise, the issue— even if properly preserved at trial—will be considered abandoned."); *Marek v.*

*Singletary*, 62 F.3d 1295, 1298 n.2 (11th Cir. 1995) (same); *Hartsfield v. Lemacks*, 50 F.3d 950, 953 (11th Cir. 1995) as amended (June 14, 1995) (same).

Wortley's Principal Brief [DC Dkt. 24] and Reply Brief [DC Dkt. 35] in the district court appeal were based entirely on his erroneous argument that the bankruptcy court improperly disregarded this Court's mandate in *In re Global* by conducting a trial to consider whether the involuntary bankruptcy was filed in bad faith. Wortley did not even remotely challenge the bankruptcy court's factual findings or its legal conclusions regarding those findings.

In fact, Wortley still purported in the district court not to challenge those findings—apparently recognizing he waived his arguments in that regard—stating: "[t]he bankruptcy court's factual recitations as to the circumstances of the filing of the involuntary bankruptcy petition are accepted at face value for purposes of this analysis." [DC Dkt. 66 at 2] Instead, Wortley appeared to argue (and continues to argue in this appeal) that the facts, as established, constitute bad faith under this Court's decision in *In re Global.* As shown above, that argument is incorrect because an involuntary bankruptcy petition filed for the legitimate purposes of breaking a deadlock or reorganizing an entity are good faith bases for filing such a petition—and *In re Global* does not hold to the contrary. Moreover, Wortley incorrectly bases his argument on the false assumption that this Court made factual findings on a Rule 60(b) appeal.

In any event, this argument is also waived because Wortley did not appeal any issue regarding the bankruptcy court's findings or conclusions—he simply argued that the bankruptcy court should never have held an evidentiary hearing. His failure to appeal any of the bankruptcy court's factual findings or legal conclusions is most evident in the issues presented portion of his Principal Brief, which presented only the following three issues on appeal:

I.    Whether, consistent with the Mandate, the lower court could refuse to dismiss the bankruptcy, refuse to reimburse Wortley's attorneys' fees and costs, refuse to award damages, refuse to require any accounting and disgorgement, and refuse to ensure that the appellees do not profit from their misconduct?;

II.   Whether, consistent with the Mandate, the lower court could value the Debtor at zero as of the date of filing of the collusive involuntary bankruptcy Petition, when (a) the Debtor realized a minimum $750,000 asset bid from an insider bidder; (b) that same insider has since invested $25 million into the Debtor's business; and (c) unrebutted expert testimony valued the business at $20,000,000?; and

III.  Whether the bankruptcy court could refuse to require full disclosure of the operations of the appellees' continuing ventures relating to the Debtor, as was necessary to carry out the Mandate and to ensure that no profit results therefrom?

[DC Dkt. 24 at 1-2]

Nowhere in these issues presented does Wortley seek review of the bankruptcy court's findings of fact or law as to good faith. Instead, his entire brief

merely rests upon his argument that it was improper for the bankruptcy court to have held an evidentiary hearing on the merits under this Court's mandate in *In re Global*.[7]

More specifically, Wortley's Principal Brief starts out restating Wortley's version of the facts, his interpretation of this Court's mandate, and the procedural history of the case. [Dkt. 24 at 2-16] Next, Wortley provides a summary of his argument. *See Id.* at 16-18. Finally, Wortley makes various legal arguments why the bankruptcy court erred—but each one of these arguments is based on his belief that this Court had already made factual findings and determined liability, which we now conclusively know is incorrect.

In the first section of his Principal Brief's legal argument, he argues that the "bankruptcy court improperly disregarded the Mandate." *Id.* at 18. This section consists of several subsections each of which similarly relies on his mistaken belief that this Court conclusively determined that the bankruptcy was filed in bad faith, and the evidentiary hearing referenced in *In re Global* was simply to determine the amount of sanctions and fees. These subsections include, (i) "The Bankruptcy must be dismissed pursuant to the Mandate;" (ii) "The Eleventh Circuit meant what it said;" (iii) "Each Appellee is bound by the Mandate in this case;" (iv) "There is no

---

[7] In addition, this Court expressly rejected the first issue. The second issue would have been relevant only if Wortley had prevailed on his first issue. Likewise, the third issue similarly goes to damages and is thus also irrelevant. Moreover, Wortley effectively abandoned the third issue because his briefs do not contain a cogent discussion of that issue.

28

other basis to deviate from the Mandate below;" and (v) "There is no change in the law."

Nowhere in any of his briefs before the district court did Wortley claim that the bankruptcy court's findings of fact or conclusions of law on the merits are clearly erroneous. Instead, he simply claimed that the bankruptcy court was bound by this Court's mandate and was not free to hold an evidentiary hearing on the merits.

The district court also determined that Wortley failed to challenge the bankruptcy court's findings of fact or conclusions of law on the merits in the District Court Affirmance. Specifically, the district court stated:

> The issues Wortley raised in his Initial Brief [ECF No. 24] pertained only to whether the Bankruptcy Court improperly disregarded and deviated from the Eleventh Circuit's mandate. He argued the bankruptcy petition must be dismissed pursuant to the mandate because the Eleventh Circuit found it was brought in bad faith. In other words, Wortley disputed the Bankruptcy Court's decision on the sole ground that it conflicted with his interpretation of the Eleventh Circuit's mandate; he did not present any other independent arguments to rebut the Bankruptcy Court's conclusion that the bankruptcy petition was not filed in bad faith.

[DC Dkt. 68 at 13, n.10]  Accordingly, Wortley waived the arguments in his post-mandamus memorandum.

## <u>CONCLUSION</u>

WHEREFORE, based on the foregoing, the Court should affirm in all respects the District Court Affirmance. The arguments in Wortley's post-mandamus memorandum are both factually and legally incorrect, and waived.

66498162;3

Respectfully submitted,

/s/ Kristen M. Fiore
KRISTEN FIORE, BCS (25766)    MICHAEL I. GOLDBERG (886602)
**AKERMAN LLP**    **AKERMAN LLP**
201 E. Park Ave., Suite 300    201 East Las Olas Blvd., Suite 1800
Tallahassee, Florida 32301    Fort Lauderdale, FL 33301
Telephone:  (850) 224-9634    Telephone:  (954) 463-2700
Facsimile:   (850) 222-0103    Facsimile:    (954) 463-2224
kristen.fiore@akerman.com    michael.goldberg@akerman.com

*Attorneys for Appellees Chrispus Venture Capital, LLC and Richard Tarrant*


/s/ Chad P. Pugatch
CHAD P. PUGATCH (220582)    CRAIG A. PUGATCH (220582)
**LORIUM LAW**    **LORIUM LAW**
101 N.E. Third Ave., Suite 1800    101 N.E. Third Ave., Suite 1800
Fort Lauderdale, FL 33301    Fort Lauderdale, FL 33301
Telephone:  (954) 462-8000    Telephone:  (954) 462-8000
Facsimile:   (954) 462-4300    Facsimile:    (954) 462-4300
cpugatch@loriumlaw.com    capugatch@loriumlaw.com

*Attorneys for Appellees Chad P. Pugatch and*
*Rice Pugatch Robinson & Schiller, P.A.*


/s/ Nolan Klein
NOLAN KLEIN (647977)
**LAW OFFICES OF NOLAN KLEIN**
5550 Glades Road, Ste. 500
Boca Raton, FL 33431
Telephone: (954) 745-0588
klein@nklegal.com

*Attorneys for Appellee James Juranitch*

30

## **<u>CERTIFICATE OF COMPLIANCE</u>**

I certify that this brief complies with the type-volume limitation set forth in FRAP 32(a)(7)(B). This brief contains 7,200 words, excluding the parts of the brief exempted by FRAP 32(a)(7)(B)(iii). This brief complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6). It has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font.

/s/ Kristen M. Fiore
KRISTEN M. FIORE, BCS

66498162;3

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 27th, 2022, I electronically filed the foregoing Answer Brief with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties in this case whom are registered through the CM/ECF, including:

Robert Jeffrey Hauser, BCS
PANKAUSKI HAUSER PLLC
415 South Olive Avenue
West Palm Beach, Florida 33401
courtfilings@phflorida.com
*Attorney for Appellant*

Frank M. Lowrey IV, Esq.
John H. Rains IV
BONDURANT MIXSON &
   ELMORE, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309-3417
lowrey@bmelaw.com
rains@bmelaw.com
*Attorneys for Appellees Chad Pugatch,*
*and Rice Pugatch Robinson & Schiller,*
*PA*

Nolan Keith Klein, Esq.
LAW OFFICES OF NOLAN KLEIN,
P.A.
Wells Fargo Tower
One East Broward Blvd., Ste. 1500
Fort Lauderdale, FL 33301
Klein@nklegal.com
*Attorney for Appellee James Juranitch*

/s/ Kristen M. Fiore
KRISTEN M. FIORE, BCS

32

66498162;3